# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 10-0024** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **RILEY D. DANTZLER** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Petitioner Riley D. Dantzler. [doc. # 66]. For reasons stated below, it is recommended that the motion be **DENIED**.

## BACKGROUND

The Indictment against Petitioner was filed in the Western District of Louisiana on January 28, 2010. [doc. # 1], charging him with the following: Count One: knowingly and intentionally possessing with the intent to distribute 50 grams and more of cocaine base; Count Two: knowingly and intentionally possessing with the intent to distribute 500 grams and more of cocaine; Count Three: possession of a firearm in furtherance of drug trafficking crimes; and, Count Four: forfeiture. *Id.*

His court-appointed counsel, Mr. Pride Doran, filed a motion to suppress on March 31, 2010. [doc. # 17.] After an evidentiary hearing, this Court denied the motion on July 6, 2010. [doc. # 30] .

On August 4, 2010, Petitioner changed his plea to guilty as to Counts One and Three of the indictment, reserving his right to appeal the denial of his motion to suppress. [doc. # 34]. This Court adopted the guilty plea on August 27, 2010. [doc. 39]. Thereafter, on November 8, 2010, Petitioner was sentenced to 120 months on Count One and 60 months on Count Three of

the Indictment with the sentences running consecutively. [doc. # 42].

Petitioner's Attorney Mr. Pride J. Doran filed a motion to withdraw as counsel and to have new counsel appointed for Petitioner on November 9, 2010 [doc. # 40]. On November 19, 2010, this Court granted Mr. Doran's motion to withdraw as counsel, but denied his request to appoint new counsel. [doc. # 46]. Petitioner filed a pro se motion to appoint new counsel; that motion was granted on February 16, 2011 [doc. # 53]; and this Court appointed Federal Public Defender Mr. Christopher Aberle to represent Petitioner for his appeal. [docs. # 53-54].

On July 5, 2011, Mr. Aberle filed a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). *United States v. Dantzler*, No. 10-31265, doc. # 00511530440 (5th Cir. July 5, 2011); [doc. # 71-2]. The Fifth Circuit granted the motion to withdraw, noting that the defendant had not responded to the motion, and dismissed Petitioner's appeal finding that "the appeal presents no nonfrivolous issue for appellate review." [doc. # 62, 2]. Petitioner's 28 U.S.C. § 2255 motion timely followed.[1]

Petitioner asserts the following two grounds for relief:

(1) Conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, in that police "fabricated cause that never actually occurred[,]" further arguing that the Officer had not "seen defendant cross lane line . . . " [doc. # 66, 3].

(2) Denial of effective assistance of counsel because "Counsel failed to File an interlocutory Appeal of Trial Court's denial of motion to suppress evidence[;]" and, Counsel "failed to preserve and present claim of denial of suppression of evidence motion on direct appeal." [doc. # 66, 3-4].

The matter is now before the Court.

## LAW AND ANALYSIS

---

[1] *See Clay v. United States*, 537 U.S. 522, 532 (2003); *see also United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000) (holding, *inter alia*, that where a defendant seeks direct appeal, "the conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where...the appellant has not actually filed such a petition." *Id.*). Petitioner's judgment of conviction became final 90 days after the Fifth Circuit ruling on December 22, 2011. The one-year limitation period began to run when the time expired for filing a petition for certiorari to the Supreme Court.

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). As a result, review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255.

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

In *United States v. Vaughn*, the United States Court of Appeals for the Fifth Circuit stated:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

955 F.2d 367 (5th Cir. 1992).

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S.Ct. 1604, 1610-1611 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232.

## I. Unreasonable Search and Seizure

Petitioner claims that his "[c]onviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure." [doc. # 66]. Specifically, Petitioner contends that the "Highway Patrol was requested by state drug enforcement to create probable cause to effect any [*sic*] traffic stop." *Id.* Furthermore, Petitioner argues that the probable cause for the stop was "fabricated" by the Officer because he did not actually commit a traffic violation.

However, as stated above and correctly pointed out by the Government, "if claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors." *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). In this case, Petitioner neither raised the Fourth Amendment claim on direct appeal nor does he show cause for his failure to raise his claims on appeal. Despite Defense Counsel's unwillingness to seek review of this Court's denial of Petitioner's motion to suppress, and assessment that the ruling on the motion to suppress did not contain any non-frivolous grounds for appeal, Petitioner himself was given an opportunity by the Fifth Circuit to respond to this argument and file a *pro se* brief, but he never did so. Thus, his claim of unreasonable search and seizure is procedurally barred from § 2255 collateral relief. It

4

is therefore recommended that Petitioner's motion for *habeas* relief on the grounds of unreasonable search and seizure be **DENIED**.

## II.     Ineffective Assistance of Counsel

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Gipson*, 985 F.2d 212 (5th Cir. 1993); *United States v. Navejar*, 963 F. 2d 732, 735 (5th Cir. 1992). Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the defendant of some other constitutional right. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show both (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that the ineffectiveness of counsel prejudiced him. *Id.*

If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test also need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). Furthermore, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first prong of *Strickland*, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689-90. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally

unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F. 2d 279 (5th Cir. 1984). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *see also, Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

In the case *sub judice*, Petitioner puts forth two claims of ineffective assistance of counsel (discussed *infra*) both rooted in the Petitioner's underlying contention that there was an unreasonable search and seizure in violation of his Fourth Amendment rights. Specifically, Petitioner argues that Defense counsel was ineffective by failing to file either an interlocutory and/or a direct appeal of this Court's denial of Petitioner's motion to suppress. However, Petitioner fails to specify how any of the alleged actions or inactions by his counsel fell below an objective standard of reasonableness, or how Petitioner was prejudiced as a result.

Furthermore, as Defense counsel argued in his *Anders* brief and the Fifth Circuit held, the underlying Fourth Amendment claim was meritless; and therefore, Petitioner is unable to demonstrate that Defense counsel's unwillingness to file a direct and/or interlocutory appeal prejudiced him. First, despite Petitioner's claim that "highway patrol was requested by State Drug Enforcement to create probable cause[,]" the Supreme Court has held in *Whren v. United States*, that an "officer's motive does not invalidate objectively justifiable behavior" under the Fourth Amendment. 517 U.S. 806, 812 (1996). Therefore, the officer's stop of Petitioner's vehicle is not invalidated because it was entirely pre-textual. Second, to the extent Petitioner argues that he did not commit the actual traffic violation that led to the stop, this issue cannot be properly brought in a § 2255 motion as it is an issue of fact that was already decided by this

6

Court, and furthermore, is not constitutional in nature. *See* [doc. # 29]. Third and finally, once Petitioner was properly stopped, he consented to the search of his vehicle. [doc #24, P. 5]. Specifically, Petitioner responded to the Officer's request to search his vehicle by stating "[s]ir, I need to be honest with you . . . I've got some . . . XO's." *Id.* Petitioner then proceeded to direct the officer to the place where the drugs were located in the vehicle. In conclusion, since the stop and search of Petitioner's vehicle were entirely constitutional, Petitioner's Fourth Amendment claims are meritless.

It is therefore recommended that Petitioner's motion for *habeas* relief on the grounds of ineffective assistance of counsel be **DENIED**.

## CONCLUSION

For the reasons stated above, it is recommended that Petitioner's motion [doc. # 66] under 28 U.S.C. § 2255 be **DENIED**. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United

States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    THUS DONE AND SIGNED at Monroe, Louisiana, this 25th day of September, 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE