UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 10-00024-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| RILEY D. DANTZLER | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Motion to Vacate, Set Aside, or Reduce Sentence [Doc. No. 66], filed pursuant to 28 U.S.C. § 2255, by Petitioner Riley D. Dantzler ("Dantzler"). On September 25, 2012, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 74], recommending that the Court dismiss all Dantzler's claims. On November 26, 2012, after an extension of time, Dantzler filed a document entitled, "MOTION PURSUANT TO FED. R. CIV. P. PROC. RULE 60(b)(4) & (6), and INDEPENDENT ACTION" [Doc. No. 76]. In this filing, Dantzler moves the Court to review the "disposition" dated "9/05/12." [Doc. No. 76, p. 1]. He further moves the Court for an evidentiary hearing and for appointment of counsel.

First, the Court will address Dantzler's request for appointment of counsel. There is no Sixth Amendment right to appointed counsel for prisoners mounting collateral attacks on their convictions or sentences. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Wright v. West*, 505 U.S. 277, 293 (1992) (no Constitutional right to counsel in habeas corpus proceedings); *Coleman v. Thompson*, 501 U.S. 722, 755 (1991); *Cousin v. Lensin*, 310 F.3d 843, 849 (5th Cir. 2002). However, the Court may nevertheless appoint counsel to represent an inmate pursuing federal habeas corpus relief. *See* 28 U.S.C. § 2254(h); Rules 6(a) and 8(c), Rules Governing Section 2254 Cases in the District Courts; and 18 U.S.C. § 3006A. Any time that the Court determines that an evidentiary hearing is necessary,

counsel must be appointed, but, in this case, no evidentiary hearing was held. Thus, decision on whether or not to appoint counsel at this stage of the litigation rests in the Court's sound discretion. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir. 1993). The Court has considered the legal and factual complexity of the case along with Dantzler's ability to prepare and present his claim. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); *see generally Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that in the context of a civil rights case, the court should base the decision to appoint counsel on many factors, including the type and complexity of the case; the plaintiff's ability to adequately investigate and present his case; the presence of evidence which consists of conflicting testimony so as to require skill in presentation of the evidence and cross-examination; and the likelihood that appointment will benefit the plaintiff, the court, and the defendants). The Court finds that counsel is not necessary under the circumstances of this case. Dantzler has been able to adequately articulate his claims that (1) his conviction was obtained based on an unconstitutional search and seizure and (2) he was denied effective assistance of counsel when his attorney failed to file an interlocutory appeal of the denial of a motion to suppress and failed to preserve this issue for appeal. Finally, in his latest pleading, Dantzler has cited case law and statutory material in support of his newly asserted claim attacking his guilty plea. His claims are largely factual, not requiring the type of legal analysis for which counsel might be necessary. Thus, his motion for appointment of counsel is DENIED.

Next, the Court considers Dantzler's arguments under Federal Rule of Civil Procedure 60(b)(4) and (6). "Rule 60(b) provides relief **from judgment** in civil cases, not in criminal cases." *United States v. Williams*, 274 Fed. App'x. 346, (5th Cir. 2008) (emphasis added) (citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir.1999). A party may seek relief from judgment under

2

Rule 60(b)(4) if the judgment was "void," i.e., the district court lacked jurisdiction to enter it. Fed. R. Civ. P. 60(b)(4). Rule 60(b)(6) provides for relief from judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4). Danztler has no basis to assert a claim under Rule 60(b). The only judgment pending in this case is his criminal judgment. The Magistrate Judge's Report and Recommendation is just that, a recommendation, not a final judgment. Thus, to the extent that Dantzler seeks relief under Rule 60(b)(4) and (6), his motion is DENIED.

The Court has also considered Dantzler's filing as possible objections to the Magistrate Judge's Report and Recommendation. However, he does not raise any objections to the two claims considered by the Magistrate Judge. Thus, on these claims, the Court agrees with and ADOPTS the Report and Recommendation of the Magistrate Judge, and Dantzler's claims are DENIED.

Instead, Dantzler apparently seeks to amend his Petition to add a new claim challenging his guilty plea. Dantzler has failed to establish a claim on this basis either. Dantzler argues that this Court "failed to apply contract law" to the plea agreement and thus violated his due process rights. [Doc. No. 76, p. 3]. He argues that there were "questions as to consideration," "mutual assent," and "Offer & acceptance." *Id.* at 4. Despite his lengthy citing of legal concepts and sources, Dantzler, lists only two factual bases to support the claim that the guilty plea procedure violated his due process rights: (1) there is a lack of consideration because the Magistrate Judge asked him during the plea colloquy if anyone "made any promises to you [other than those] that are reflected in your plea agreement with the government?" and (2) he claims that he did not have the capacity to contract because he only finished seventh grade and has a diagnosed learning disability. *Id.* at 11-12.

First, the Court notes that Dantzler filed a direct appeal in this case, but his counsel submitted an *Anders* brief asserting that there were no non-frivolous issues for appeal. Although Dantzler was granted an extension of time to file a *pro se* response to the brief, he failed to do so. Thus, Dantzler

did not challenge his guilty plea on direct appeal. Post-conviction relief under section 2255 is generally limited to constitutional issues which could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) ("[A] collateral challenge may not do service for an appeal."). In order to raise an issue for the first time on collateral review, a defendant must show "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 167–68 (1982). A defendant must satisfy this cause and prejudice test even if he alleges fundamental constitutional error. *Murray v. Carrier*, 477 U.S. 478, 493–95 (1986). The only recognized exception to this rule is in an "extraordinary case" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Shaid*, 937 F.2d at 232 (quotation omitted). In this case, Dantzler has not demonstrated cause for his default nor the resulting prejudice. Nor does he argue that he is actually innocent.

Further, even if the Court were to reach the substantive merits of his argument, his allegations do not suffice as a challenge to his guilty plea. Before accepting a defendant's guilty plea, a court is required to ensure that the plea is knowing and voluntary. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Courts considering post-conviction challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *United States v. Gracia*, 983 F.2d 625, 627–28 (5th Cir.1993). A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Prisoners challenging guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73–74

(1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir.1986) (holding that court records are "accorded great weight").

In this case, the Magistrate Judge properly inquired into Dantzler's background, including his mental state and educational history, before determining, based on her observations and those of his counsel, that Dantzler was competent to enter a plea of guilty. She also properly inquired of Dantzler as to whether the Government, or any person, made promises to him that were not part of the plea agreement to determine if his plea was based on false promises or other improper considerations. Danztler answered that inquiry in the negative. The Magistrate Judge then issued a Report and Recommendation, recommending that the Court adjudge Dantzler guilty of the offense. Dantzler made no objections, and this Court adopted her recommendation and adjudged him guilty. Dantzler's educational history and developmental disability, standing alone, are insufficient to refute his courtroom statements verifying that he did, in fact, understand the consequences of his plea. His remaining contractual arguments are frivolous. Accordingly, to the extent that Dantzler has amended his Petition to add a new claim challenging his guilty plea, this claim is also DENIED.

Finally, the Court finds that no evidentiary hearing is necessary because the "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). Thus, Dantzler's motion for an evidentiary

hearing is DENIED.

MONROE, LOUISIANA, this 6th day of December, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE