IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 10-0024-01 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| RILEY D. DANTZLER | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Riley D. Dantzler. [doc. # 84].

Petitioner filed a previous § 2255 motion with this Court on March 9, 2012. [doc. # 66]. On December 6, 2012, District Judge Robert G. James, adopting the undersigned's report and recommendation, and addressing new claims brought by Petitioner following the report DENIED Petitioner's § 2255 motion. [doc. # 80]. A review of the current motion shows that it is in fact a second and successive § 2255 motion.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), before Petitioner may invoke this Court's jurisdiction to hear a successive § 2255 motion, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because Petitioner has not received such authorization, or even filed with the Fifth Circuit a § 2244(b)(3)(A) petition for authorization to file a successive habeas petition in district court, this Court lacks jurisdiction over the instant motion.

Accordingly, it is recommended that Petitioner's motion to vacate, set aside, or correct sentence be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for a determination whether the successive petition should be allowed. *See* 28 U.S.C. §§ 2244(a) and

(b)(3)(C); *see also In re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting procedure used when a district court transfers to the court of appeals a successive petition for habeas corpus relief).

**THUS DONE AND SIGNED** in Monroe, Louisiana, August 19, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE