## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

UNITED STATES OF AMERICA                    CASE NO.  3:10-CR-24

VERSUS                                      JUDGE ROBERT G. JAMES

RILEY D. DANTZLER (01)                      MAGISTRATE JUDGE HAYES

### RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA"), filed by Defendant Riley Dantzler. [Doc. No. 104]. Pursuant to his memorandum, Defendant moves the Court to reduce his term of imprisonment on Count 1 to 78 months and to reduce his term of supervised release on all counts to four years. The government opposes the motion, arguing Dantzler is not eligible for relief under the FSA. [Doc. No. 105 at 1]. Alternatively and in the event the Court finds Dantzler is eligible for relief, the government asks that the Court "consider the sentencing factors provided in 21 U.S.C. § 3553(a) when determining relief." *Id.* For the following reasons, Defendant's motion is GRANTED AS MODIFIED: The Court will reduce Defendant's total term of imprisonment to TIME SERVED. The Court will also reduce Defendant's term of supervised release on all counts to four years, subject to the following, two additional special conditions of supervised release:

> 3.      Following Defendant's release from the Bureau of Prisons, the Defendant must travel directly to his sister's residence at 1031 E. Peters Colony Rd., Carrollton, TX, 75007, and may not make additional stops on his return home.[1]

> 4.      Upon arriving at the residence set forth in Special Condition No. 3, the defendant must self-quarantine for 14 days.

---

[1] *See* Defendant's BOP Reentry Plan, Doc. No. 104-1 at 1.

# I.
## BACKGROUND

On January 28, 2010, Dantzler was indicted for the following offenses: Possession with Intent to Distribute fifty grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (Count 1); Possession with Intent to Distribute five hundred grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) (Count 2); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1) (Count 3).[2] On August 4, 2010, Dantzler pleaded guilty to Counts 1 and 3. [Doc. No. 37]. At his plea hearing, the government and Dantzler stipulated to the following facts:

> On December 11, 2009, Louisiana State Police made a traffic stop on I-20 near Monroe, LA, of an Enterprise rental vehicle. The Defendant was the driver and sole occupant. He told the trooper he was returning to Monroe from Houston, Texas, and that he had illegal pills in the center console.
>
> The Defendant gave a consent to search, and a bag was found in the vehicle that contained 417.3 net weight grams of cocaine base, or crack packaged for sale, and a 9 mm pistol with a loaded magazine next to the drugs. The Defendant admitted after arrest that he was transporting the cocaine for sale from Houston to Monroe.

[Doc. No. 37-2].

On November 8, 2010, a sentencing hearing was held. With regard to Count 1, Dantzler's total offense level was a 29 and his criminal history was a category II, resulting in a guideline sentencing range of 97 to 121 months. However, due to the statutory mandatory minimum for Count 1, Dantzler's guideline sentencing range was 120 to 121 months incarceration. [PSR at ¶ 52]. The Court sentenced Dantzler to 120 months imprisonment on Count 1 and sixty months imprisonment on Count 3, with the terms of imprisonment to run consecutively. [Doc. No. 43].

---

[2] Dantzler was additionally charged in Count 4 with forfeiture of the firearm identified in Count 3.

The Court additionally imposed a five-year term of supervised release on both counts, with the terms running concurrently. *Id.*

## II.
### APPLICABLE LAW

At the time Dantzler was sentenced, 21 U.S.C. § 841(b)(1) mandated a sentence of ten years to life for offenses involving fifty grams or more of cocaine base, § 841(b)(1)(A)(iii); five to forty years for offenses involving between five and fifty grams of cocaine base, § 841(b)(1)(B)(iii); and a maximum of twenty years for offenses involving less than five grams of cocaine base, § 841(b)(1)(C). On August 3, 2010, after more than two decades of substantial criticism from the Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine required to trigger the ten-year mandatory minimum sentence from 50 grams to 280 grams, and increased the quantity of cocaine base required to trigger the five-year mandatory minimum sentence from 5 grams to 28 grams.[3] *Id.* at 269. The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Id.* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). The First Step Act provides in relevant part:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.

---

[3] The Fair Sentencing Act also eliminated the five year mandatory minimum sentence for simple possession of more than five grams of cocaine base. *Dorsey* at 269.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

## III.
### ANALYSIS

### A.    Whether Defendant is eligible for relief under the First Step Act

The government contends Dantzler is ineligible for relief due to the amount of cocaine base attributed to him in the sentencing record. [Doc. No. 105 at 4]. The government acknowledges "that this argument was rejected by the Fifth Circuit, but makes it to preserve it for future proceedings in this case." *Id.* (citing *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019). The Court agrees with the government that this argument is now foreclosed by the Fifth Circuit. In *Jackson*, the Fifth Circuit held, "[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *Jackson* at 320. In this matter, Dantzler was convicted of violating a statute whose penalties were modified by Section 2 of the Fair Sentencing Act, his violation occurred before August 3, 2010, and he has not filed a previous motion seeking First Step Act relief, nor was his sentence "previously imposed or previously reduced in accordance with the amendments

made by sections 2 and 3 of the Fair Sentencing Act." Accordingly, the Court finds Dantzler is eligible for relief under the First Step Act.

### B.        Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson* at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)); *United States v. Allen*, 19-3606, 2020 WL 1861973, at *2 (6th Cir. Apr. 14, 2020). Dantzler was originally subject to a statutory sentencing range on Count 1 of ten years to life in prison. Under the First Step Act, his statutory sentencing range is now five to forty years. Dantzler's sentencing guideline range on Count 1 is now 78 to 97 months incarceration.

Pursuant to 18 U.S.C. § 3553(a)(1), the Court shall consider "the nature and circumstances of the offense . . . ." Here, while the offense did involve a firearm and a large amount of narcotics, it is a non-violent offense. Dantzler admitted his guilt to the arresting officer. He additionally agreed to plead guilty to this offense, thereby sparing the government the expense and burden of a trial.

Section 3553(a)(1) instructs courts to consider "the history and characteristics of the defendant." Dantzler is 49 years old. He has been incarcerated for the instant offense since February 18, 2010 – over 11 years. His current projected release date is October 19, 2022. While in BOP custody, Dantzler has completed 566 hours of educational courses – including vocational, parenting, and drug education classes – in furtherance of his rehabilitation. Dantzler has his high school diploma. He has received good work reports while in BOP custody, and he has a steady history of employment prior to his incarceration. Dantzler has only one prior conviction. Dantzler

suffers from diabetes and high blood pressure, making him especially high risk for contracting severe illness or death were he to contract COVID-19.[4]

In sum, after consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to time served is sufficient but not greater than necessary to comply with the purposes of sentencing. Such a sentence is a substantial prison term, commensurate with the crime Dantzler committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. For these same reasons, the Court will reduce the term of supervised release to four years. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. No. 104] is GRANTED, and the Court will issue an amended judgment reducing Defendant's term of incarceration to TIME SERVED and reducing his term of supervised release to four years.

IT IS FURTHER ORDERED that the following special conditions are added to Dantzler's conditions of supervised release:

3.    Following Defendant's release from the Bureau of Prisons, the Defendant must travel directly to his sister's residence at 1031 E. Peters Colony Rd., Carrollton, TX, 75007, and may not make additional stops on his return home.

4.    Upon arriving at the residence set forth in Special Condition No. 3, the defendant must self-quarantine for 14 days.

---

[4] Dantzler is housed in Oakdale I, which has been at the epicenter of the COVID-19 crisis sweeping through the Bureau of Prisons. As of April 23, 2020, eighteen inmates and twenty-two staff members at that facility have tested positive for the virus; seven inmates have died. *See* https://www.bop.gov/coronavirus/ (last visited April 24, 2020).

Except as modified in this paragraph, all other provisions of the Judgment imposed on November 8, 2010 [Doc. No. 37] REMAIN in effect.

SIGNED this 24th day of April, 2020.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE